No. 784

MANLEY v. COLLINS, et.

Ohio Appeals, 2nd Dist., Franklin Co.

No 1413. Decided May 4, 1927.

**First Publication of this Opinion.**

445. EASEMENTS—1045. Right of Way—Alteration, by refusal of one party to sign, releases signers. of mutual right of way deed. Agreement, between allotment company and prospective purchaser, not binding upon other lot owners.

Appeal from Common Pleas.
Demurrer sustained.

Wendell H. Lilly, Columbus, for Manley.

Postlewaite & Bricker, Columbus, for Col-li..s et.

ALLREAD, J.

Amended petition of plaintiff set forth that he is the owner of lot number 2 in block 23 of Upper Arlington, under a land contract, and that he entered into said contract with the Upper Arlington Co. on condition that the Company procure an agreement with the own-ers of lots 3, 4, and 5, in said block for a driveway across said lots to give access to plaintiff's lot, at the northeast corner. The Company procured, from the owner of lots 4 and 5, and from Thomas and Emma Collins, as the owners of lot number 3, deeds conveying said right of way.

Plaintiff claims that, in violation of said right of way deed, defendants are constructing a garage extending over the right of way, thus obstructing plaintiff's use thereof. A tempo-rary and permanent injunction was prayed for.

Defendants answered, claiming that the right of way deed, as signed by them, pro-vided for mutual grants of rights of way by the parties and included a strip 10 feet wide across the north end of plaintiff's lot 2. It was averred that plaintiff refused to sign the deed after defendants had affixed their signa-tures; and the deed was altered so as to omit the name of the plaintiff and to omit the grant of the right of way by plaintiff over lot num-ber 2, the deed, thereby, being rendered void.

The court sustained defendant's demurrer to the reply and renderd final judgment for defendants. Plaintiff appealed.

Averments of the petition and the reply, as to the agreement between plaintiff and the Upper Arlington Co., are not binding upon de-fendants in this case, except to the extent that the agreement of the Company is actually embodied in the deed executed by defendants.

The deed, upon its face, was based upon a mutuality between the owners of lots 2, 3, 4, and 5, whereby the 10 foot right of way was to extend across all of the lots, as specified in said deed. The plaintiff, in order to enforce said deed by injunction, must make out a clear case as to this equitable right.

Substantial performance, by plaintiff, of the conditions of the original deed would be a necessary prerequisite to his right to enforce the same against the other parties thereto; and the averment that the extension of the right of way across plaintiff's lot would be of no benefit to defendants, would not be sufficient to relieve plaintiff from the burden resting upon him by the terms of said mutual deed.

The agreement with the Upper Arlington Co. was no part of the deed; and the alter-ation thereof, brought about by plaintiff's re-fusal to sign, would release defendants from any obligations to plaintiff as to the right of way over defendant's lot.

(Ferneding and Kunkle, JJ., concur.)